IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DWAN L. BROWN, by his Conservator
and Guardian, HOLLIE J. BROWN and
GLORIA BROWN, and HOLLIE J.
BROWN and GLORIA BROWN,

    Plaintiffs,

v.                                                       Civil Action No. 2:17-cv-04629
                                                      (Civil Action No. 117-C-1519 in the Circuit
                                                      Court of Kanawha County, West Virginia).

RES-CARE, INC., SOUTHERN HOME
CARE SERVICES, INC. d/b/a RESCARE,
HOME CARE, and RESCARE
BEHAVIOR SERVICES, INC.,

    Defendants.

## PETITION FOR REMOVAL OF PROCEEDING FROM STATE COURT

    Removing parties ResCare, Inc., Southern Home Care Services, and ResCare Behavior Services, Inc., (hereinafter "Defendants"), all foreign corporations, by counsel, Suleiman Oko-ogua, Unaiza Riaz, and the law firm of Bailey & Wyant, PLLC, hereby provide notice of removal pursuant to 28 U.S.C. § 1441, *et. seq.*, and respectfully present the following grounds for removal:

### Nature of Action

    1.    Dwan Brown, by his conservator and guardian, Hollie J. Brown and Gloria Brown and Hollie J. Brown ("Plaintiffs, hereinafter") initially filed the underlying one count Complaint (**Exhibit 1**) on or about November 6, 2017 (*See* docket sheet attached as **Exhibit 2**). Thereafter, on December 5, 2017, Plaintiffs filed an Amended Complaint (also attached as **Exhibit 1**).

    2.    Plaintiffs have alleged that, upon information and belief, ResCare, Inc., is the parent

corporation; and that ResCare Home Care (which is alleged to be the trade name for Southern Home Care Services, Inc.) and ResCare Behavior Services, Inc. are, upon information and belief, providing services to Plaintiff Dwan Brown.[1] *See Amended Compl.* at ¶ 3.

3. Plaintiffs have alleged in the Amended Complaint that all of the Defendants are Kentucky Corporations, or corporations licensed and/or authorized to conduct business in the State of West Virginia, and that at all times relevant to the amended complaint were providing residential care services and other care services in Kanawha County, West Virginia. Specifically, Plaintiff has alleged that the Defendants operated a facility in St. Albans, West Virginia at 222 Hudson Street, St. Albans, West Virginia. *See Amended Compl* at ¶ 4.

4. Plaintiffs have alleged that the Defendants through their employees (who were acting within the scope of their employment) deviated from the standard of care when they rendered care to Plaintiff Dwan Brown, a protected person. Specifically, they have alleged that Plaintiff Brown ingested a foreign object while under the care, protection and supervision of the Defendants, which resulted in a surgical procedure to remove the ingested foreign object.

5. Plaintiffs have alleged that ingesting the foreign object and the resulting surgery to remove the same, was a direct and proximate result of the Defendants' negligent actions, (by and through their employees/servants/agents). Specifically, they have alleged that the deviation was the direct and proximate cause of injuries sustained by Plaintiff Brown, on or about November 4, 2015.

6. In Count 1 of the Amended Complaint, Plaintiffs have alleged negligence and

---

[1] In actuality, the correct entity which provided care to Plaintiff Brown, and which is licensed to operate the facility located on 222 Hudson Street, St. Albans, West Virginia, is RSCR West Virginia, Inc. ("RSCR"). *See* **Ex. 3**. RSCR is a subsidiary of ResCare, Inc. For purposes of removal, RSCR is a Delaware Corporation, with its principal place of business listed at 9901 Linn Station Road, Louisville, KY 40223. Assuming RSCR was a party to the current action, its presence would not have destroyed diversity for removal purposes.

breach of the standard of care, which they claim caused or led to the incident on November 4, 2015.

7. Plaintiffs are seeking monetary damages up to the statutory amount against the Defendants individually in an amount to be determined at trial, costs, and any other further relief possible.

8. The underlying Amended Complaint was filed in the Circuit Court of Kanawha County, West Virginia.

## Diversity of Citizenship

9. Plaintiff Dwan L. Brown is a citizen of West Virginia, and a resident of Kanawha County, West Virginia. *See* Compl. ¶ 1.

10. Defendant ResCare, Inc. is a foreign corporation organized under the laws of the State of Kentucky, with its principal place of business located at 9901 Linn Station Road, Louisville, Kentucky, 40223. *See* Compl. ¶ 4.

11. Defendant Southern Home Care Services, Inc., is a foreign corporation organized under the laws of the State of Delaware, with its principle place of business located at 9901 Linn Station Road, Louisville, Kentucky, 40223. *See* Compl. ¶ 4.

12. Defendant ResCare Behavior Services, Inc., is a foreign corporation organized under the laws of the State of Delaware, with its principle place of business located at 9901 Linn Station Road, Louisville, Kentucky, 40223.[2] *See* Compl. ¶ 4.

13. Accordingly, the parties are completely diverse for 28 U.S.C. § 1332(a)(1) purposes, which states that the district courts shall have original jurisdiction of all civil actions

---

[2] As of January 19, 2017, Defendant ResCare Behavior Services, Inc., is now named SpringHealth Integrated Care, Inc. This change does not affect removal because SpringHealth Integrated Care, Inc. is a foreign corporation, incorporated in Delaware, with its principal place of business at 9901 Linn Station Road, Louisville, Kentucky, 40223.

where the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

14. This Petition for removal is timely. The original complaint was filed on November 6, 2017. The Defendants were served on November 30, 2017. Accordingly, the case became removable on or about November 30, 2017. 28 U.S.C § 1446(b)(1) states that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

**Amount in Controversy Exceeds $75,000.00**

15. The Amended Complaint does not specify the amount of monetary damages that Plaintiffs are seeking. However, Plaintiffs are seeking monetary damages involving surgical medical bills and up to the statutory allowable amount. These damages, if awarded, would undoubtedly be in excess of the statutory minimum of $75,000.

16. Because there is complete diversity among the parties to this matter and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, Defendants are entitled to removal of this matter from state court to federal court pursuant to 28 U.S.C. §1441, *et. seq.*

17. It is the good faith belief of Defendants that, based on the Plaintiff's allegations in the Amended Complaint, the amount in controversy exceeds $75,000.00 exclusive of interest and costs pursuant to 28 U.S.C. §1332.

18. This Court has original jurisdiction of the above entitled action pursuant to 28

4

U.S.C. §1332 and the action may, therefore, be removed to this Court pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446.

19. A Notice of Filing of Removal has been filed with the Clerk of the Circuit Court of Kanawha County, West Virginia. *See* "Notice of Filing of Removal," attached as **Exhibit 4**.

20. All pleadings filed in the Kanawha County, West Virginia action are attached hereto as **Exhibit 1**.

**WHEREFORE**, Defendants request that the above-entitled action be removed from the Circuit Court of Kanawha County, West Virginia, to this Court.

                                      **RESCARE, INC., SOUTHERN HOME CARE SERVICES, INC., d/b/a RESCARE, HOME CARE, and RESCARE BEHAVIOR SERVICES, INC.,**

                                      **By Counsel,**

  **/s/ Suleiman Oko-ogua**
**Suleiman Oko-ogua (WV Bar #10713)**
**Unaiza Riaz (WV Bar#13253)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
sokoogua@baileywyant.com
uriaz@baileywyant.com

5

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

DWAN L. BROWN, by his Conservator
and Guardian, HOLLIE J. BROWN and
GLORIA BROWN, and HOLLIE J.
BROWN
and GLORIA BROWN,

    Plaintiffs,

v.

Civil Action No. 2:17-cv-04629

(Civil Action No. 117-C-1519 in the Circuit Court of Kanawha County, West Virginia)

RES-CARE, INC., SOUTHERN HOME
CARE SERVICES, INC. d/b/a RESCARE,
HOME CARE, and RESCARE
BEHAVIOR SERVICES, INC.,

    Defendants.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of foregoing "**PETITION FOR REMOVAL OF PROCEEDING FROM STATE COURT**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day Thursday, December 28, 2017:

    Andrew S. Nason
    Pepper & Nason
    8 Hale Street
    Charleston, WV 25301
    *Attorney for Dwan L. Brown*

    /s/ Suleiman Oko-ogua
    **Suleiman Oko-ogua (WV Bar #10713)**
    **Unaiza Riaz (WV Bar#13253)**
    **BAILEY & WYANT, PLLC**
    **500 Virginia Street, East, Suite 600**
    **Post Office Box 3710**
    **Charleston, West Virginia  25337-3710**
    **T: 304.345.4222**
    **F: 304.343.3133**
    sokoogua@baileywyant.com
    uriaz@baileywyant.com